**SAINT–GOBAIN INDUSTRIAL CERAMICS INC, a Delaware corporation, Plaintiff—Appellee,**

v.

**CRC CRYSTAL RESEARCH CORPORATION, an Arizona corporation; et al., Defendants—Appellants,**

**and**

**Optoscint Inc, an Arizona corporation, Defendant.**

No. 03–15275.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2004.

Decided May 26, 2004.

Jeffrey H. Wolf, Esq., Joel Sannes, Esq., Greenberg Traurig LLP, Phoenix, AZ, for Plaintiff–Appellee.

John A. Klecan, Esq., Renaud, Cook & Drury, Phoenix, AZ, for Defendants–Appellants.

Elizabeth Gonzalez Paulette, Esq., DL Hall & Associates PLLC, Phoenix, AZ, for Defendant.

Before B. FLETCHER, TROTT and FISHER, Circuit Judges.

MEMORANDUM *

CRC Crystal Research Corp. appeals the district court's order construing the parties' September 11, 2002 oral settlement agreement as including a "mutual release" that was intended to and specifically did "release . . . any claims CRC may believe it presently has for patent infringement." CRC contends it did not agree to release any such patent claims, pointing to the express reservation of its rights in the consent injunction included as part of the September 10, 2002 settlement agreement between Saint–Gobain Industrial Ceramics, Inc. (SGIC) and the other defendants, including Optoscint Inc.

Both counsels' articulation of the settlement agreement before the district court on September 11, 2002 was ambiguous as to the nature and scope of releases between the parties, and the district court attempted to resolve those ambiguities in a sensible fashion. Ordinarily, we defer to the district court's decision whether to enforce a settlement and accept its findings of fact in that regard unless they are clearly erroneous. *See Graham v. Balcor Co.,* 146 F.3d 1052, 1054 (9th Cir.1998); *Ahern v. Cent. Pac. Freight Lines,* 846 F.2d 47, 48 (9th Cir.1988). However, this is not an ordinary case. Although the district court did not abuse its discretion, it made its decision in the absence of important information concerning the parties' understanding of both the September 10 agreement and its relationship to the related settlement with CRC on September 11. Thus the court was disabled from exercising a genuine application of that discretion.

During oral argument before us, we questioned both counsel, who negotiated the two settlements, and their candid responses clarified that SGIC had not discussed nor considered necessary a release from CRC for possible patent infringement claims because it did not believe CRC had any such claims it could assert. According to counsel, Optoscint (as patent owner and licensor) had already released its claims in the September 10 settlement, and SGIC therefore considered the reservation of CRC's rights in the consent injunction as without effect. Whether or not this assumption was correct, the important point is that SGIC did not believe there was a need to seek a release from CRC of such claims.

This new information suggests that the district court's factual finding that "the only reasonable interpretation is that a mutual release was intended" was erroneous or at least too broad. Apparently, neither party to the September 11, 2002 settlement agreement bargained for or agreed that any mutual release CRC may have agreed to would have encompassed whatever patent infringement claims CRC might have had against SGIC as of the date of the settlement. *See Muchesko v. Muchesko,* 191 Ariz. 265, 955 P.2d 21, 24 (Ct.App.1997).

Normally, we cannot consider evidence that was not available to the district court when it rendered its opinion. *See Inwood Labs., Inc. v. Ives Labs., Inc.,* 456 U.S. 844, 857 n. 19, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982). We therefore remand to the district court to reconsider the nature and scope of any release CRC may have agreed to, particularly regarding whatever patent infringement claims CRC might have had against SGIC as of the date of the settlement, in light of the new information discussed above.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The judgment as entered is VACATED, and the case is REMANDED to the district court for further proceedings.

VACATED and REMANDED.